**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**<br>    George H. Fallon Federal Building<br>    31 Hopkins Plaza, Suite 1432<br>    Baltimore, MD  21201,<br><br>                    **Plaintiff,**<br><br>             v.<br><br>**Park School of Baltimore Inc.,**<br>    C/O Resident Agent Joan Webber<br>    2425 Old Court Road<br>    Pikesville (Baltimore County),<br>    MD 21022-1491<br><br><br><br><br>                    **Defendant.** | Civil Action No.<br><br><br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Richard Schneider (Schneider) who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Park School of Baltimore, Inc. ("Defendant" or "Park School") unlawfully discriminated against Schneider by failing to renew his contract based on his gender.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(l) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4. At all relevant times, Defendant has continuously been a Maryland Non-Profit Corporation with at least fifteen (15) employees doing business within Pikesville, (Baltimore County) Maryland which operates a non-religious, co-educational K-12 day school.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. § 2000e(b)(g), and (h).

6. At all relevant times, Defendant employed Schneider within the meaning of Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Schneider filed a charge with the Commission alleging violations of Title VII by Defendant.

8. On February 12, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On June 6, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

13. Since at least June 2016, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-3(a)(l) by failing to renew Schneider's contract because of his gender.

    a. Beginning in Spring 2014, Defendant hired Schneider as head softball coach.

    b. In 2014 Schneider's performance as head soft ball coach was satisfactory.

    c. Park School renewed Schneider's contract, and he worked for Defendant as head softball coach during Spring 2015.

    d. In 2015 Schneider's performance as head softball coach was satisfactory.

    e. Defendant again renewed Schneider's contract, and he worked for Defendant as head softball coach during Spring 2016.

    f. In 2016 Schneider's performance as head soft ball coach was satisfactory.

      g.      Defendant has a preference for female leadership in its athletic programs.

      h.      Following the 2016 softball season Defendant was able to contract with a female head coach for its softball program and obtained her services as head coach for the 2017 softball season.

      i.      In or around January 2017 Defendant informed Schneider that it would not renew his contract for the 2017 softball season because of its preference for female leadership.

      k.      Defendant did not renew Schneider's contract for the 2017 softball season because he is male.

14.    The effect of the practices complained of above in Paragraph 13 has been to deprive Schneider of equal employment opportunities and otherwise adversely affect his status as an employee because he is male.

15.    The unlawful employment practices complained of above were intentional.

16.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Schneider.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

 A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on gender;

 B.    Order Defendant to institute and carry out policies, practices, and programs which prevent gender discrimination;

C.      Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not tolerate gender discrimination;

D.      Order Defendant to make Schneider whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

E.      Order Defendant to make Schneider whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above;

F.      Order Defendant to make Schneider whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

G.      Order Defendant to pay Schneider punitive damages for its callous indifference to his federally protected right to be free from discrimination based on gender;

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                                                                Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/S
_____
DEBRA M. LAWRENCE
Regional Attorney

/S
_____
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

/S
_____
ERIC S. THOMPSON
Trial Attorney

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, Maryland 21201
Phone: (410) 209-2232
Fax: (410) 209-2221