IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT <br> OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> PARK SCHOOL OF BALTIMORE, INC., <br><br> Defendant. | Civil Action: <br> 1:18-cv-02319-RDB |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Park School of Baltimore, Inc., ("Park School" or "Defendant") alleging that Defendant violated Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-3(a)(l), by failing to renew Richard Schneider's contract because of his gender (male). Defendant has denied all allegations in the Complaint including that it committed any Title VII violations and further states that it fully supports Title VII and equal employment opportunities for all persons.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due

1

consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

### Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this Title VII action, which emanated from the Charge of Discrimination filed by Richard Schneider. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2. The Decree shall be in effect for a period of two years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree. If Defendant has failed to meet the established terms at the end of two years, the duration of the Decree may be extended.

3. This Decree, being entered with the consent of the EEOC and Defendant, shall not constitute an adjudication or finding on the merits of the case.

### Monetary Relief

4. Within thirty days of entry of this Decree, Defendant shall pay Richard Schneider monetary relief in the total amount of $41,000 representing $3,000 in back pay and $37,000 in non-pecuniary compensatory damages and $1,000 in attorney fees. Defendant will issue Schneider an IRS Form 1099 for the 2019 tax year for the compensatory damages amount and an IRS W-2 form for the 2019 tax year for the back pay amount. Defendant shall make all legally required withholdings from the back pay amount and required employee contributions

under FICA. Defendant's required employer contributions under FICA are separate from, and shall not be deducted from, the portion of the payment representing back pay.

Within five days of the execution of the Decree, the EEOC shall provide Defendant with Schneider's current address. The checks will be sent directly to Schneider. A photocopy of the checks and related correspondence will be mailed to the EEOC, Baltimore Field Office, George H. Fallon Federal Building 31 Hopkins Plaza, Suite 1432 Baltimore, MD 21201, Attention: Eric S. Thompson.

5.  Defendant will not condition the receipt of individual relief upon Schneider's agreement to maintain as confidential the terms of this Decree of the facts of the case or waive his statutory right to file a charge with any federal or state anti-discrimination agency.

6.  In response to any request for a reference as to Richard Schneider, Defendant's Director of Human Resources will provide the following: his dates of employment, position and job duties.

### Injunctive Relief

7.  Defendant, its officers, agents, employees and all other persons acting on its behalf and interest are hereby enjoined from failing to hire, terminating employees, and failing to renew the contracts of employees because of their gender. Such discrimination violates Title VII which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual.... because of such individual's... sex.

Title VII, Section 703(a).

8.  The injunction is intended to survive the life of the Consent Decree.

3

### Written Policies & Procedures

9. Within 30 days of the entry of this Decree, Defendant will implement and maintain a detailed policy against gender discrimination.

10. The policy required by Paragraph 9, above, shall include at least the following content: (a) a description of Title VII and the conduct prohibited by statute including gender discrimination in discharge and hiring; (b) a statement that employees who report discrimination, including gender discrimination in discharge and hiring, will be protected against retaliation; (c) a statement that Park School's culture is a culture of mutual respect between employees regardless of gender differences.

11. Defendant will distribute a copy of the written policies and procedures described in paragraphs 9 and 10 above to all employees within 30 days of the entry of this Decree.

### Notice and Posting

12. Defendant will display and maintain the EEOC poster in each of its facilities and in each location where its employees are assigned on a temporary basis, in a place visually accessible to applicants and employees of Defendant.

13. Within 30 days of the entry of this Decree, Defendant will display and maintain in a place visually accessible to applicants, employees and managers a remedial Notice pursuant to this Decree, a copy of which is annexed as Appendix A, printed on EEOC letterhead and signed by Defendant's Head of School.

### Anti-Discrimination Training

14. Defendant will provide at least 2 hours of live training on federal anti-discrimination laws and Defendant's EEO policy for all supervisory and management employees

4

and 1 hour of training for all other employees. The parties agree that the training provided by Defendant in November and December 2018 satisfies this requirement.

    a.    Within ten business days of the date this decree is entered, Defendant will furnish the EEOC with the training materials and a signed attendance list.

    b.    Thereafter, for the term of this Decree, Defendant shall provide every new employee, including supervisory and non-supervisory employees, with Defendant's policies on discrimination, harassment and retaliation, including the internal complaint procedures, which shall be explained to the new employee by a Human Resources employee within ten days of his or her first day of work.

    c.    Furthermore, for the remainder of the term of this Decree, every employee promoted from a staff position to a managerial, supervisory or human resources position shall receive training on federal anti-discrimination laws and Defendant's EEO policy within six (6) months of the date of promotion.

## Additional Monitoring Provisions

15.    For the duration of this Decree, Defendant shall maintain records of all instances in which an employee reported gender discrimination. Within three months of the entry of this Decree, and every year thereafter for the duration of this Decree, Defendant shall provide EEOC with a written report containing, at a minimum, the name, address, and telephone number of the person who reported gender discrimination, the nature of the gender discrimination reported and a statement of the outcome of the investigation including any disciplinary actions taken against the discriminating official and any restorative actions taken in favor of the complaining employee. A final report shall be sent to EEOC 15 business days before the date of the expiration of this Decree.

5

16. In addition to the monitoring provisions set forth elsewhere in this Decree, upon five business days' notice, EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's premises, its records, and interviews with employees at reasonable times. Defendant will make available for inspection and copying any records requested by the EEOC and employees sought to be interviewed by the EEOC.

17. All materials required by this Decree to be sent to the EEOC shall be addressed to:

> Equal Employment Opportunity Commission
> Baltimore Field Office
> Attention: Eric S. Thompson, Trial Attorney
> George H. Fallon Federal Building
> 31 Hopkins Plaza, Suite 1432
> Baltimore, MD 21201

18. The Commission and Defendant shall bear their own costs and attorneys' fees.

19. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR DEFENDANT:

/S/

John S. Vander Woude (04882)
ECCLESTON AND WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: vanderwoude@ewmd.com
*Attorney for Defendant*

FOR PLAINTIFF:

James L. Lee
Acting General Counsel

/S/

Debra M. Lawrence
Regional Attorney

6

/S/

Jeffrey E. Nusinov (27601)
NUSINOV SMITH LLP
The Marbury Building
6225 Smith Avenue, Suite 200B
Baltimore, MD 21209
(410) 554-3600 (phone)
(410) 554-3636 (fax)
E-mail: jnusinov@nusinovsmith.com
*Attorney for Defendant*

/S/

Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney

/S/

Eric S. Thompson
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201

IT IS SO ORDERED this **8th** day of **February, 2019**

_____
Richard D. Bennett
United States District Judge